# UNITED STATES DISTRICT COURT

## Northern District of California

### San Francisco Division

| | |
|---|---|
| ANTHONY R. BARRON, | No. 15-cv-3157 LB |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | [Re: ECF Nos. 1, 9] |
| CLARK E. DUCART, Warden, | |
| Respondent. | |
| _____/ | |

## INTRODUCTION

Anthony Barron, an inmate at the Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Mr. Barron consented to proceed before a magistrate judge. (ECF No. 8.)[1] This order requires the respondent to answer the petition.

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

**STATEMENT**

Mr. Barron was convicted of, among other things, assault with a deadly weapon, and was sentenced to 16 years in prison. (ECF No. 1 at 4-5.) He currently is housed in the security housing unit ("SHU") at Pelican Bay State Prison due to his validation as an associate or member of a prison gang. He does not challenge the conviction or the gang validation in this action. Instead, he challenges a change in the law that has adversely affected the rate at which he earns time credits. Mr. Barron contends that an amendment to California Penal Code section 2933.6 and the California Code of Regulations has adversely impacted the rate at which he receives time credits on his sentence. Gang-validated SHU inmates like him earned more time credits under the former law than they do under the amended law. That, in turn, apparently will lengthen the time he spends in prison.

**ANALYSIS**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

In his federal petition, Mr. Barron asserts three claims. First, he alleges that the application of California Penal Code section 2933.6, as amended, to him violated his right to be free of ex post facto laws. He indicates that he was able to earn more time credits under the version of the law in effect at the time he committed his crime and at the time he was validated as a gang associate. The Ex Post Facto Clause, U.S. Const., Art. I, § 10, cl. 1, forbids the states from statutorily cancelling time credits and making ineligible for early release any prisoner who previously was eligible. *See Lynce v. Mathis*, 519 U.S. 433, 446-49 (1997) (retroactive cancellation of prison credits had impermissible effect of lengthening period of incarceration in violation of Ex Post Facto Clause). Second, Mr. Barron alleges that, "because the pre-existing regulation remained in effect for one year, the State's application of the new regulation to deny credits within that time frame violated the Ex Post Facto Clause." (ECF No. 9 at 2.) Third, Mr. Barron alleges that the application of

California Penal Code section 2933.6 to him "deprived him of early release credits without the procedural protections guaranteed by the Due Process Clause." (*Id.*) Liberally construed, the petition states cognizable claims for violations of the Ex Post Facto Clause and the Due Process Clause.

The rules governing relief under 28 U.S.C. § 2254 require a person in custody pursuant to the judgment of a state court to name the "state officer who has custody" of him as the respondent. *See* Rule 2(a) of the Rules Governing Habeas Corpus Cases Under Section § 2254). Where a petitioner is in physical custody due to the state action he is challenging, "[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison)." Rule 2(b) advisory committee's note. Petitioner named California Attorney General Kamala Harris as the respondent. She was not the proper respondent. The court has *sua sponte* substituted in the current warden of Pelican Bay State Prison, because he is the proper respondent for an action brought by Mr. Barron who is a prisoner incarcerated at that prison.

## CONCLUSION

For the foregoing reasons,

1. The petition states cognizable claims for federal habeas relief and warrants a response.

2. The clerk shall serve by mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. The clerk also shall serve a copy of the "consent or declination to magistrate judge jurisdiction" form upon respondent and respondent's attorney, the Attorney General of the State of California.

4. Respondent must file and serve upon Petitioner, on or before **December 18, 2015**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

5. If Petitioner wishes to respond to the answer, he must do so by filing a traverse with the court

and serving it on Respondent on or before **January 15, 2016**.

6. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

7. Petitioner is cautioned that he must include the case name and case number for this case on the first page of any document he submits to the court for consideration in this case.

**IT IS SO ORDERED.**

Dated: September 25, 2015

_____
LAUREL BEELER
United States Magistrate Judge